a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BRAYAN ADEMAR GRANADOS CASTRILLO, Petitioner — CIVIL DOCKET NO. 1:26-CV-00251 SEC P

VERSUS — JUDGE ROBERT R. SUMMERHAYS

WARDEN JENA LASALLE DETENTION FACILITY, Respondent — MAGISTRATE JUDGE PEREZ-MONTES

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Brayan Ademar Granados Castrillo ("Granados Castrillo"). ECF No. 1. Granados Castrillo is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.

Granados Castrillo is a native and citizen of Guatemala who entered the United States without inspection approximately ten years ago. ECF No. 1 at 6. He was designated an unaccompanied child and released to his mother's custody. ECF No. 1-1 at 15. On May 23, 2025, the Department of Homeland Security initiated removal proceedings. *Id.* at 7. An immigration judge ordered him removed on December 19, 2025, and his appeal remains pending. ECF No. 1 at 12.

Granados Castrillo contends that his detention violates the Immigration and Nationality Act, its related bond regulations, and the Due Process Clause of the Fifth Amendment. He seeks release or an individualized bond hearing.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an

individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 14 days after service of this Order, Granados Castrillo shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. The memorandum shall also identify any statute or regulation that Granados Castrillo contends the Government violated in revoking his prior release and explain whether that claim remains available if his detention is governed by § 1225(b)(2)(A). Granados Castrillo shall separately identify any claim he maintains solely to preserve it for further review.

IT IS FURTHER ORDERED that Respondent may file a response, not exceeding seven (7) pages, within 7 days after the supplemental memorandum is filed.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE